IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 5:18-cv-06173-DGK |
| ) | |
| COLBY R. EPPERSON, ) | |
| ) | |
| Defendant. ) | |

## ORDER GRANTING SUMMARY JUDGMENT

This case involves four promissory notes ("the Notes") totaling over $1 million given by Defendant Colby Epperson and his wife[1] (together, "the Eppersons") to Plaintiff U.S. Bank National Association. Now before the Court is Plaintiff's Motion for Summary Judgment (Doc. 45). Because Defendant has failed to pay the balance of the Notes despite them being due, the motion is GRANTED.

**Summary Judgment Standard**

This Court has diversity jurisdiction over this matter, so state law governs substantive issues and federal law governs procedure. *Paine v. Jefferson Nat'l Life Ins. Co.*, 594 F.3d 989, 991–92 (8th Cir. 2010). Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if, viewing all facts in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The party seeking summary judgment bears the burden of showing that there is no genuine dispute as to any material fact.

---

[1] Defendant's wife filed for bankruptcy on October 9, 2019, and this Court dismissed her from this action on February 24, 2020, following entry of the discharge in her bankruptcy case (Docs. 35, 40). Although this motion discusses the Eppersons, it does so only to clarify the background of this case. To be clear, this order addresses only the liability of Defendant Colby Epperson.

*Celotex Corp*, 477 U.S. at 323. The Court must scrutinize the evidence presented in the light most favorable to the nonmoving party and accord to it reasonable factual inferences. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588-89 (1986).

**Background**

The undisputed facts establish that on May 15, 2017, Plaintiff made two loans to the Eppersons: one for $600,000 and one for $100,000. That same day, the Eppersons executed and delivered to Plaintiff two revolving credit notes that matured on June 13, 2018: one for $600,000 ("Note #26") and one for $100,000 ("Note #42"). To secure payment, the Eppersons also entered into a Farm Security Agreement, whereby the Eppersons granted a security interest in certain collateral, including "all equipment" they owned (Doc. 45-2 at 61, § 1.2).

On July 6, 2017, Plaintiff loaned an additional $175,000 to the Eppersons. To evidence their obligations under the loan, the Eppersons executed and delivered a term note to Plaintiff in the amount of $175,000 ("Note #75). Among other things, Note #75 provided that a default would occur if the Eppersons defaulted under the previously executed notes.

Plaintiff made its last loan of $160,000 to the Eppersons on August 15, 2017. This loan was evidenced by a single payment note in the amount of $160,000 ("Note #91), which the Eppersons executed and delivered to Plaintiff. Note #91 also provided that a default would occur if the Eppersons defaulted under any of the previously executed notes. All four Notes required Defendant to pay the costs, including attorneys' fees, incurred to collect on the Notes.

Defendant failed to pay the balance of Notes #26 and #42 by their maturity date, rendering him in default. And because Defendant defaulted under Notes #26 and #42, he also defaulted under Notes #75 and #91. Plaintiff demanded payment on the Notes, but Defendant refused to pay.

In November 2018, Plaintiff filed the instant lawsuit, alleging four counts of breach of promissory notes and a count of replevin. Plaintiff now moves for summary judgment to collect

the payments due under the Notes, the collateral it is entitled to under the Farm Security Agreement, and its attorneys' fees. Specifically, Plaintiff alleges that, as of March 3, 2020, Defendant owes:

> (a) $661,565.20 (including $600,000 in principal, $61,437.50 in interest, and $127.70 in late fees) with interest accruing after March 3, 2020, at a per diem rate of $83.33333 on Note #26;
>
> (b) $110,267.46 (including $100,000 in principal, $10,239.58 in interest, and $27.88 in late fees) with interest accruing after March 3, 2020, at a per diem rate of $13.88889 on Note #42;
>
> (c) $198,592.86 (including $175,000 in principal, $19,635.78 in interest, and $3,957.08 in late fees) with interest accruing after March 3, 2020, at a per diem rate of $20.22222 on Note #75; and
>
> (d) $180,550.50 (including $160,000 in principal, $17,502.80 in interest, and $3,047.70 in late fees) with interest accruing after March 3, 2020, at a per diem rate of $18.80000 on Note #91.

Plaintiff also requests specific collateral under the Farm Security Agreement, which includes eleven pieces of equipment owned by and in the possession of Defendant including: a Kenworth Semi-Tractor; Peterbilt Semi-Tractor; Wilson Trailer; Sprayer Trailer; Grain Trailer; Caterpillar skid loader; 2017 Ford F350; 2016 Lincoln Navigator; 2008 Ford F250; and 2004 Ford F250 (collectively, "Defendant's Equipment").[2] Defendant failed to respond to Plaintiff's motion, and his time to do so has passed.

## Discussion

**I.      Plaintiff is entitled to summary judgment on its breach-of-promissory-note claims.**

"The elements for breach of promissory note are: (1) the existence of a valid promissory note signed by the maker; (2) a balance due on the note; and (3) a demand on the maker for payment which has been refused, leaving the maker in default." *Smithville 169, LLC v. Citizens*

---

[2] Defendant's wife does not any ownership interest in the farm- or trucking-related equipment or motor vehicles listed here.

*Bank & Tr. Co.*, No. 4:11-CV-0872-DGK, 2013 WL 434020, at *4 (W.D. Mo. Feb. 5, 2013) (citing *Bus. Bank of St. Louis v. Appolo Invs., Inc.*, 366 S.W.3d 76, 80 (Mo. Ct. App. 2012)). It is uncontroverted that Defendant executed and delivered the four Notes to Plaintiff. The balance of the Notes matured and Defendant has made no payments, leaving an outstanding balance as of March 3, 2020, of $1,150.976.02. Interest continues to accrue each day thereafter in the amount of $136.24.[3] Despite Plaintiff's demand of payment, Defendant has refused to make any payments on the debt.

Thus, Plaintiff is entitled to summary judgment on all four breach-of-promissory-note claims. The Court holds Plaintiff is entitled to the outstanding principal balance of $1,035,000, plus $108,815.66 for accrued interest, and $7,160.36 for late charges as of March 3, 2020, all of which totals $1,150,976.02, plus interest accruing at $136.24 per diem since then.

**II.     Plaintiff is entitled to replevin.**

"Replevin is a possessory action to obtain property that is in the defendant's possession." *Patterson v. Rough Road Rescue, Inc.*, 529 S.W.3d 887, 893 (Mo. Ct. App. 2017) (citation omitted). "To be entitled to replevin, a plaintiff must prove (1) entitlement to possession of the property, (2) unauthorized control over the property by defendant, and (3) deprivation of plaintiff's right to possession by defendant." *States Res. Corp. v. Yohe*, No. 4:10-CV-00082-DGK, 2010 WL 2773335, at *5 (W.D. Mo. July 13, 2010) (citing *Lafayette v. Courtney*, 189 S.W.3d 207, 120 (Mo. Ct. App. 2006)).

Here, Plaintiff and Defendant entered into a Farm Security Agreement granting Plaintiff a security interest in certain collateral, including Defendant's Equipment. Thus, when Defendant failed to make payments on Notes #26 and #42, he went into default and Plaintiff became entitled

---

[3] In one calculation, Plaintiff listed the continuing interest at $145.97 per diem, but in other places it noted the interest rate was $136.24 per diem. The Court's own calculation revealed the appropriate interest rate to be $136.24 per diem.

4

to possession Defendant's Equipment. Defendant retains possession of the property, wrongfully depriving Plaintiff of its contractual right to it. Accordingly, Plaintiff is entitled to judgment as a matter of law on its replevin action, and Defendant is directed to tender possession of his Equipment to Plaintiff.

### III. Plaintiff is entitled to its attorneys' fees.

"Missouri follows the American Rule on attorneys' fees, which provides that each party to litigation must pay its own litigation expenses unless a statute specifically authorizes recovery of attorneys' fees or a contract provides for them." *Monarch Fire Prot. Dist. of St. Louis Cty., Missouri v. Freedom Consulting & Auditing Servs.*, Inc., 644 F.3d 633, 637 (8th Cir. 2011) (citation omitted). Here, the undisputed facts reveal that under the Notes Plaintiff is entitled to the costs of collection, including attorneys' fees. The Court, therefore, finds that Plaintiff is entitled to its attorneys' fees and expenses. Plaintiff shall submit an itemization of its attorneys' fees and costs within thirty days of this order.

## Conclusion

The motion is GRANTED. Plaintiff is entitled to the outstanding principal balance on the Notes of $1,035,000, plus $108,815.66 for accrued interest, and $7,160.36 for late charges as of March 3, 2020, all of which totals $1,150,976.02, plus interest accruing at $136.24 per diem since then. Plaintiff is also entitled to possession of the collateral. Finally, Plaintiff is entitled to its reasonable attorneys' fees, which the Court will determine after Plaintiff submits a detailed accounting of its reasonable attorneys' fees and costs.

**IT IS SO ORDERED.**

Date: April 6, 2020  /s/ Greg Kays  
GREG KAYS, JUDGE  
UNITED STATES DISTRICT COURT